# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anthony Bellia
15 Martin Drive
Middletown, NJ 07738

**(b)** County of Residence of First Listed Plaintiff: **Monmouth**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Linda M. Lopez, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 215-627-9999

## DEFENDANTS
Aetna Life Insurance Company
151 Farmington Avenue
Hartford, CT 06156

County of Residence of First Listed Defendant: **Hartford**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1001, et. seq
Brief description of cause:
ERISA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/28/2020
SIGNATURE OF ATTORNEY OF RECORD: *Linda Lopez*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY BELLIA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. |
| | : | |
| AETNA LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, ANTHONY BELLIA, by and through his attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for his Complaint against Defendant, AETNA LIFE INSURANCE COMPANY, hereby avers as follows:

## PARTIES

1. Plaintiff, ANTHONY BELLIA (hereinafter "Plaintiff"), was and still is a citizen and resident of the State of New Jersey, residing at 15 Martin Drive, Middletown, New Jersey 07738.

2. Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter "Defendant"), has corporate offices at 151 Farmington Avenue, Hartford, Connecticut 06156.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §

1331 because this action arises under 29 U.S.C. § 1001, *et. seq.* (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the District of New Jersey is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the District of New Jersey.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was employed as an Internal Audit Manager by the Depository Trust & Clearing Corporation ("DTCC"), and at all times was a participant and/or beneficiary under the Long Term Disability ("LTD") plan.

7. Plaintiff had a strong work history working for DTCC prior to filing for LTD insurance benefits.

8. The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9. At all times material herein, Defendant made and/or participated in making all benefits decisions under the LTD plan.

10. During Plaintiff's employment with DTCC, Defendant issued a long term group disability income policy (hereinafter the "Policy").

11. At all times hereinafter mentioned, said Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by DTCC and/or its employees.

2

12. At all times mentioned herein, Plaintiff was and is an employee eligible for long term disability benefits as an insured under the Policy.

13. Said Policy provided, among other things, that long term disability insurance benefit payments will be made to Plaintiff in the event that he becomes disabled as a result of injury or sickness. The Policy states, in part, that:

> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that: You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and Your earnings are 80% or less of your adjusted predisability earnings.

14. Plaintiff stopped working on July 9, 2018.

15. Plaintiff applied for and collected LTD insurance benefits through June 23, 2019.

16. By letter dated June 26, 2019, Defendant notified Plaintiff that his LTD benefits were discontinued as of June 23, 2019.

17. On December 20, 2019, Plaintiff submitted a written appeal of Defendant's adverse determination.

18. On April 9, 2020, Defendant issued a final administrative denial of Plaintiff's claim for continued LTD benefits.

19. As of June 23, 2019, Plaintiff's LTD coverage was in full force and effect and Plaintiff was an eligible employee.

20. From June 23, 2019 to the present, Plaintiff has been disabled within the meaning and pursuant to the terms of his Policy coverage as he is unable to perform, on a sustained basis, either his own or any reasonable occupation, as those terms are defined in the subject Policy.

21. Plaintiff's disability is caused by cluster headache syndrome, fainting spells, and hypertension, with resultant symptoms of pain, nausea, lightheadedness, sensitivity to light and noise, insomnia, anxiety, and trouble with focus and concentration, all of which necessitates the need for frequent breaks for rest and symptom control.

22. Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of his claim, and otherwise complied with the terms and conditions of the Policy regarding the filing and maintenance of the claim.

23. Pursuant to the Policy, Defendant has been obligated to continue the periodic payment of monthly long term disability benefits to Plaintiff since June 23, 2019.

24. Despite Plaintiff's continued total disability, Defendant has denied all LTD insurance benefit payments to Plaintiff since June 23, 2019 and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

25. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

26. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that he has been unable to work since June 23, 2019, due to his disabling conditions and complications from his impairments and medical conditions.

27. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of its fiduciary duty.

28. Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on his ability to perform all of the essential duties of his regular

occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about his inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

29. Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1, *et. seq.*

30. Defendant's claim handling failed to provide Plaintiff with a full and fair review of his claim.

31. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of his claim.

32. Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

33. By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of his claim pursuant to 29 C.F.R. § 2560.503(1).

34. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

35. Defendant willfully failed to comply with ERISA regulations.

36. Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

37. Plaintiff is entitled to receive the total life-time benefit of the plan discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

38. Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Anthony Bellia, demands judgment in his favor and against Defendant together for:

A. Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B. The total lifetime benefit under the plan discounted to present value;

C. Attorneys' fees and costs of suit;

D. Interest and delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

By: _/s/ Linda Lopez_
Linda M. Lopez, Esq.
Attorney I.D. No. 017592006
LAW OFFICES OF ERIC A. SHORE, P.C.
1500 John F. Kennedy Blvd, Suite 1240
Philadelphia, PA 19102
(215) 627-9999
*Attorney for Plaintiff, Anthony Bellia*

Date:  5/28/2020